# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:21-CR-152 |
| v. | ) | |
| | ) | **JUDGE CRYTZER** |
| PHILLIP J. LOCKE | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, PHILLIP J. LOCKE, and the defendant's attorney, Mr. Jonathan Moffatt, have agreed upon the following:

1.      The defendant will plead guilty to Count One in the indictment, which charges felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The punishment for this offense is as follows: (1) a maximum term of imprisonment of not more than ten years; (2) a fine of not more than $250,000; (3) a term of supervised release of up to three years; (4) criminal forfeiture; and (5) a mandatory $100 special assessment.

2.      There are no remaining counts within this indictment as to this defendant.

3.      The defendant has read the indictment, discussed the charge and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows:

Count One: (1) the defendant knowingly possessed a firearm(s); (2) at the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year; (3) at the time of the charged act, the defendant knew he had been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year; and (4) the firearm(s) affected interstate commerce.

4.      In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offenses' elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On November 20, 2020, co-defendant Chenault went to Harvey's Pistol & Pawn, LLC, a Federal Firearms Licensed dealer located in Knoxville, Tennessee. The Chenault entered Harvey's Pistol & Pawn and purchased two FNH Model Five-SeveN, 5.7x28mm, semi-automatic pistols for a total of $2,304.23. Chenault completed and signed a Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473 in which Chenault indicated in writing she was the actual buyer of the firearms.

Two Knox County Sheriff's Office detectives were in the parking lot of Harvey's Pistol & Pawn. The detectives observed the Chenault exit Harvey's Pistol & Pawn with two pistol boxes in hand. Chenault was talking on her cellular phone and the detectives overheard Chenault say, "Where you at? I have your stuff, but not waiting forever." A short time later, the detectives observed a Dodge Challenger pull into the parking lot and up to the curb where Chenault was standing. Chenault got into the passenger side of the Dodge Challenger and the car then drove away. The detectives ran the license plate of the Dodge Challenger and learned it was registered to the defendant. The detectives ran the defendant's criminal history and learned he was a prior convicted felon.

A traffic stop was conducted on the Dodge Challenger wherein law enforcement officers identified the driver as the defendant and observed Chenault in the passenger seat. Chenault was asked to step out of the car and was interviewed by law enforcement officers. Chenault told law enforcement officers that she purchased the two firearms at Harvey's Pistol & Pawn using the

2

defendant's money at the defendant's direction. Chenault stated Locke paid her $200 to make the firearms purchase. Law enforcement officers seized the two firearms from inside the Dodge Challenger.

On February 8, 2021, Special Agent Rebecca Bobich of the Bureau of Alcohol, Tobacco, Firearms and Explosives examined the firearms seized from the defendant's car and determined the firearms affected interstate commerce.

The defendant admits that he knowingly directed Chenault to make a false statement to a federally licensed firearms dealer, *i.e.*, that Chenault was the actual purchaser of the firearms, when, in fact, the defendant was purchasing the firearms through the Chenault for himself. The defendant admits the false statement made by Chenault was for the purpose of purchasing firearms for himself, because the defendant admits he is a prior convicted felon and prohibited from purchasing and possessing firearms.

The defendant's prior felony convictions are as follows: On April 28, 2011, the defendant was convicted of Attempted Especially Aggravated Robbery, a Class B Felony, and Aggravated Assault, a Class C Felony, in Knox County Criminal Court. On June 28, 2019, the defendant was convicted of Attempted Aggravated Assault, a Class D Felony, in Knox County Criminal Court. The defendant admits he knowingly possessed the firearms on November 20, 2020, and the defendant knew he was a prior convicted felon and not allowed to possess firearms on November 20, 2020.

In accordance with Fed. R. Crim. P. 11(c)(1)(B), the United States and defendant agree that United States Sentencing Guideline § 2K2.1(b)(6) does not apply in this case.

5.    The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

3

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant

4

acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines.  Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.     The defendant agrees to pay the special assessment in this case prior to sentencing.

9.     Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all firearms or ammunition, which are in the possession or control of the defendant or the defendant's nominees that were involved in the commission of a violation of Title 18, United States Code, Sections 922(g)(1).  This specifically includes, but is not limited to, the following property:  two (2) FNH Model Five-SeveN, 5.7x28 mm semi-automatic pistols.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the property as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against the property. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets

6

in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the

7

right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant

also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13.    The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms.  If additional terms are included in the supplement, they are hereby fully incorporated herein.

14.    This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States.  The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

_MAY 4TH, 2022_
Date

By:    _____
ALAN S. KIRK
Assistant United States Attorneys

_05/04/22_
Date

_____
PHILLIP J. LOCKE
Defendant

_5/4/22_
Date

_____
JONATHAN MOFFATT
Attorney for the Defendant

9